**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

In re: JAMES WILLIAM HUBEL,                          No. 08-cv-384
                                                                          (GLS)

                 **Debtor/Appellant.**

_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE DEBTOR:**
James William Hubel
_Pro Se_
03-B-0398
Hudson Correctional Facility
P.O. Box 576
Hudson, New York 12534

**FOR THE CHAPTER 7 TRUSTEE:**
O'Connor, O'Connor Law Firm          MICHAEL J. O'CONNOR, ESQ.
20 Corporate Woods Boulevard
Albany, New York 12211

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

### I. Introduction

The Debtor, James William Hubel, appeals from a Letter Decision

and Order of the Bankruptcy Court denying his request for an exemption

from the credit counseling requirement of section 109(h) of the Bankruptcy

Code.  _See_ 11 U.S.C. § 109(h).  This court reviews the Bankruptcy Court's

findings of fact for clear error, and its conclusions of law *de novo. See Nat'l Union Fire Ins. Co. v. Bonnanzio (In re Bonnanzio),* 91 F.3d 296, 300 (2d Cir. 1996).  Upon review, the Bankruptcy Court's Letter Decision and Order is affirmed.

## II. <u>Facts</u>

Hubel is a prisoner under the jurisdiction of the State of New York Department of Correctional Services ("DOCS").  He has been incarcerated since December of 2002, and is scheduled for conditional release in November of 2008.

On February 15, 2008, Hubel filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  Prior to his filing, Hubel did not complete the pre-petition credit counseling mandated by 11 U.S.C. § 109(h); instead, he filed an application for exemption from credit counseling pursuant to 11 U.S.C. §§ 109(h)(3) and (4).  In his affidavit in support of his application, Hubel indicated that in preparing to file for bankruptcy, he requested and received from the Office of the United States Trustee a list of 18 approved credit counseling agencies.  Hubel initiated contact with all 18 agencies, but only three responded.  Of the three agencies that responded, only one agreed to waive its fee in light of Hubel's indigence.

2

The agency, C.C.C.S. of Buffalo, Inc. ("C.C.C.S.") offers its credit counseling in person, over the Internet, and over the telephone.  Hubel's incarceration prohibits him from physically attending a credit counseling course.  Moreover, Hubel lacks Internet access.  Therefore, Hubel's only means of obtaining credit counseling was over the telephone.  However, his request for permission to communicate with C.C.C.S. by telephone was denied by DOCS staff at the Hudson Correctional Facility, where Hubel resides.

Upon these facts, the Bankruptcy Court recognized that Hubel "effectively has no way to comply with § 109(h)."  (Letter Decision and Order at 5.)  Nevertheless, the Bankruptcy Court found no applicable statutory exception to the pre-petition credit counseling requirement, and therefore denied Hubel's request for an exemption.  The instant appeal followed.

### III.  Discussion

Section 109 of the Bankruptcy Code, which sets forth who may be a debtor, provides, in part, that:

> . . . an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an

approved nonprofit budget and credit counseling agency ... an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1).  There are certain statutory exceptions to the credit counseling requirement.  Hubel seeks refuge in: (1) the exception for debtors who face "exigent circumstances" that merit a *temporary* waiver of the credit counseling requirement, not to exceed 45 days from the date the petition is filed, *see* 11 U.S.C. §§ 109(h)(3)[1]; and (2) the exception for debtors who are "unable to complete [credit counseling] because of incapacity, disability, or active military duty in a military combat zone," *see* 11 U.S.C. § 109(h)(4).

Turning first to the "exigent circumstances" exception, the Bankruptcy Court correctly held that this exception is of no practical assistance to Hubel.  It is true that at least one court has held that a debtor's incarceration may qualify as exigent circumstances.  *See In re Walton,* No. 07-41086, 2007 WL 980430, at *2 (Bankr. E.D. Mo. Mar. 5, 2007).

---

[1]To be more specific, the statute provides that the "exigent circumstances" exemption "shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days."  11 U.S.C. § 109(h)(3)(B).

However, even if the bankruptcy court had held that Hubel's incarceration amounted to exigent circumstances, this would have entitled him only to a 45-day extension of time in which to comply with the credit counseling requirement. *See* 11 U.S.C. § 109(h)(3)(B). At the time he filed his petition in bankruptcy, Hubel's earliest possible release date was approximately nine months in the future. Thus, a temporary exemption for exigent circumstances would have served no purpose. *See In re Rendler,* 368 B.R. 1, 4 (Bankr. D. Minn. 2007) ("Given counsel's statement that the conditions of the Debtor's incarceration leave 'no way' for him to participate in credit counseling via telephone or the Internet, the grant of an 'exemption' for the remaining bit of the 30-day period would do him no good, either.").

As for the exemption provided in 11 U.S.C. § 109(h)(4), which is a permanent exemption, Hubel qualifies only if he is unable to complete credit counseling "because of incapacity, disability, or active military duty." Hubel is not engaged in active military duty. Nor is he incapacitated under the statutory definition, which provides that "incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to

his financial responsibilities."  11 U.S.C. § 109(h)(4).  Thus, Hubel qualifies for an exemption from credit counseling only if he suffers from a "disability."

According to the terms of the statute, "disability means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1)."  11 U.S.C. § 109(h)(4).  The court concurs with Hubel's observation that this definition is subject to different interpretations, and, indeed, the case law bears this out.  The majority of courts which have considered the issue have held that incarceration does not amount to a "disability."  *See In re Rendler,* 368 B.R. 1, 4 (Bankr. D. Minn. 2007); *In re Star,* 341 B.R. 830, 831 (Bankr. E.D. Va. 2006); *In re McBride,* 354 B.R. 95, 99 (Bankr. D. S.C. 2006); *In re Bindus,* No. 08-62456, 2008 WL 2902567, at *2 (Bankr. N.D. Oh. July 28, 2008); *In re Johnson,* No. 07-465, 2007 WL 2990563, at *2 (Bankr. D. D.C. Oct. 11, 2007); *In re Cox,* No. 07-10787, 2007 WL 4355254, at *2 (Bankr. M.D. Ga. Nov. 29, 2007).  However, at least one court has held that an incarcerated debtor is "physically impaired" and thus disabled within the meaning of the statutory exemption.  *See In re Lee,* No. 08-30355, 2008 WL 696591, at *1-2 (Bankr. W.D. Tex. Mar. 12, 2008).  Additionally, another court, though rejecting the

6

argument that incarceration constitutes a disability, granted an imprisoned

debtor a permanent waiver of the credit counseling requirement.  *See In re

Vollmer,* 361 B.R. 811, 814-15 (Bankr. E.D. Va. 2007).  The court in

*Vollmer* reasoned that because the eligibility requirements of section 109 of

the Bankruptcy Code are not jurisdictional, the court "must have the

authority" to waive them where compliance would be impossible.  *See id.*

Finally, one court granted a waiver of the credit counseling requirement to

a debtor who died shortly after he filed his bankruptcy petition.  *See In re

Henderson*, No. 06-52439, 2008 WL 1740529, at *1 (Bankr. W.D. Tex. Apr.

9, 2008).  The court in *Henderson* noted that although it was "odd to think

of death as a 'mere disability,'" Congress surely did not intend to exclude

debtors who died after filing but before completing the mandated

instructional course.  *See id.*

   The above-cited cases illustrate that some courts have shown a

willingness to exempt potential debtors from the credit counseling

requirement of 11 U.S.C. § 109(h) where compliance would be effectively

impossible.  The court declines to follow these cases, and instead sides

with the majority view that an incarcerated debtor is not, solely by virtue of

his imprisonment, rendered disabled and therefore exempt from credit

counseling.  The court begins from the premise that the term "disability" is commonly used to refer to an impairment that is inherent to the person, not one which is imposed by external conditions the alleviation of which would relieve the disability.  It is clear, of course, that Congress was not satisfied that the common understanding of "disability" would be sufficient; after all, the statute takes the extra step of defining "disability."  But the definition is notable for what it does not include: any explicit reference to incarceration. If Congress had intended for incarcerated debtors to be treated as disabled, then surely, having both recognized the ambiguous nature of the term "disability" and undertaken to clarify it, Congress could have chosen clearer language to express such intent.  It appears more likely that in choosing to define "disability," Congress did not intend to alter its common meaning, but rather meant to clarify the degree or severity of the disability that was required to warrant an exemption.  This reading is borne out by Congress's use of the phrase "*so* physically impaired . . . ," 11 U.S.C. § 109(h)(4) (emphasis added), which implies a distinction from some lesser form of physical impairment.

It is, of course, possible, and perhaps even likely, that Congress did not intend to exclude prisoners from taking advantage of the protections of

the Bankruptcy Code in situations where it is for all intents and purposes impossible for them to obtain credit counseling.[2]  But it is for Congress, and not the court, to remedy this oversight, if oversight it be.  Accordingly, for the above-stated reasons, the court affirms the holding of the Bankruptcy Court that Hubel is not entitled to an exemption or waiver from the credit counseling requirement of 11 U.S.C. § 109(h).

WHEREFORE, for the foregoing reasons, it is hereby

ORDERED that the Letter Decision and Order of the Bankruptcy Court is AFFIRMED.

IT IS SO ORDERED.

Albany, New York
Dated: September 8, 2008

Gary L. Sharpe
U.S. District Judge

---

[2]But this is not necessarily the case.  It may have been thought, for example, that prisoners are more likely than others to engage in the sort of "abuses" that the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 was designed to combat, and, therefore, that they should be entitled to no exemptions.